IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 15-233 |
| RYAN NEIL GREEN<br>a/k/a "uid0" | |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and James T. Kitchen, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

I. **THE INFORMATION**

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | CAN-SPAM ACT<br>From in and around 2006, until on or about October 6, 2012 | 18 U.S.C. §§ 1037(a)(1), (b)(2)(A) and 2 |

II. **ELEMENTS OF THE OFFENSE**

As to Count 1:

In order for the crime of CAN-SPAM ACT, in violation of 18 U.S.C. §§ 1037(a)(1), (b)(2)(A), and 2, to be established,

the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly accessed a protected computer without authorization,

    2.    That the defendant intentionally initiated the transmission of multiple commercial electronic mail messages from or through such computer; and

    3.    That the defendant did so in or affecting interstate or foreign commerce.

### III.  PENALTIES

As to Count 1: CAN-SPAM ACT (18 U.S.C. §§ 1037(a)(1), (b)(2)(A), and 2):

    1.    Individuals - The maximum penalties for individuals are:

    (a)    imprisonment of not more than 3 years;

    (b)    a fine not more than the greater of;

        (1)    $250,000 (18 U.S.C. § 3571(b)(3));

        or

        (2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than one (1) year (18 U.S.C. § 3583); and

(d) Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed as to Count One upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

_____
JAMES T. KITCHEN
Assistant U.S. Attorney
PA ID No. 308565